IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   13-cv-02719-WYD-CBS

CONLEY HOSKINS,

    Plaintiff,

v.

JEAN GONNELL and
RAFAEL CRAVEIRO,

    Defendants.

## ORDER

I.    <u>INTRODUCTION AND BACKGROUND</u>

    This matter is before the Court on both Defendant Jean Gonnell's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 12) and Defendant Rafael Craveiro's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 15).  The motions are denied as set forth below.

    This is a case arising out of an alleged unlawful interception of Plaintiff's telephone communication in violation of 18 U.S.C. §§ 2511 and 2520.  By way of background, Plaintiff and Defendant Craveiro are 50% co-owners of All Care Wellness Centers, LLC ("ACW"), a Lakewood, Colorado medical marijuana dispensary.  (Compl. ¶ 7).  On May 30, 2013, Plaintiff, ACW and other individuals were indicted by a Colorado state grand jury of multiple violations of state law including tax, securities, and controlled substance offenses.  The criminal case against Plaintiff is ongoing.  (Compl. ¶ 8).

In an unrelated civil matter, Defendant Craveiro is pursuing a civil arbitration demand, alleging that Plaintiff's indictment results in a forfeiture of Plaintiff's ownership interest in ACW under the terms of the operating agreement. Defendant Gonnell is an attorney representing Defendant Craveiro in the civil arbitration matter. (Compl. ¶¶ 9-11).

On July 16, 2013, Plaintiff and his attorney, Ron Wilcox, took part in a telephone conference with both Defendants. Also participating in the call was Kristi Smith, an attorney who represented ACW. Plaintiff and Wilcox anticipated that the telephone call would be a confidential communication. (Compl. ¶13). On August 27, 2013, the prosecutor in Plaintiff's criminal case produced a recording of the July 16, 2013 conference call as part of the prosecution's discovery. At this time, Plaintiff discovered that the Defendants had recorded the conference call. (Compl. ¶15). Based on information contained on the recording, the prosecutor filed a motion to revoke Plaintiff's bond. (Compl. ¶19).

On October 3, 2013, Plaintiff filed this suit against the Defendants asserting one cause of action for the unlawful interception and disclosure of the July 16, 2013 telephone conference in violation of the Federal Wire Tapping Act, 18 U.S.C. § 2511. 18 U.S.C. § 2511(1)(a) makes it unlawful for any person to "intentionally intercept[ ], endeavor[ ] to intercept, or procure[] any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." However, the statute contains a limited exception, which provides:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception *unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State*.

18 U.S.C. § 2511(2)(d) (emphasis added).  Plaintiff alleges that the Defendants recorded the telephone call for the ulterior purpose of committing tortious acts of abuse of process, breach of fiduciary duties, and invasion of privacy.  Defendants moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

II.    ANALYSIS

A party may move to dismiss a complaint under Rule 12(b)(6) where the plaintiff has failed "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). The Court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When analyzing a 12(b)(6) motion, "all well-pleaded factual allegations ... are accepted as true and viewed in the light most favorable to the nonmoving party."  *Sutton v. Utah State School for Deaf and Blind*, 173 F. 3d 1226, 1236 (10th Cir. 1999).  "A 12(b)(6) motion should not be granted unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle it to relief." *Id.*

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. Additionally, the Tenth Circuit has instructed that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and that whether a defendant receives fair notice "depends on the type of case." *Id.*

Viewing Plaintiff's complaint in the light most favorable to him, I find that it contains sufficient factual allegations to state a claim for relief that is plausible on its face. Defendants rely on matters outside the pleadings including the affidavit of Defendant Gonnell, which contains her version of events leading up to this lawsuit.[1]

---

[1] Defendant Craveiro's motion to dismiss incorporates by reference the statements, attachments, and arguments set forth in Defendant Gonnell's motion to dismiss.

"When parties submit materials outside of the pleadings in support of or in opposition to a Rule 12(b)(6) motion, a court has broad discretion whether to accept and consider them." *Dobson v. Anderson*, 319 Fed. Appx. 698, 702 (10th Cir. 2008). I find that Defendants' assertions that are outside of Plaintiff's complaint and raise material issues of fact will not be considered at this stage in the litigation.[2] In other words, it is unquestionably inappropriate to consider Defendant Gonnell's affidavit in connection with the Rule 12(b)(6) motions since the sufficiency of the complaint is the only issue before the Court. *Id.* (holding that a court's function in analyzing a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.") (citing *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006)).

III. CONCLUSION

Based on the foregoing, Defendant Jean Gonnell's Motion to Dismiss (ECF No. 12) and Defendant Rafael Craveiro's Motion to Dismiss (ECF No. 15) are **DENIED**.

---

[2] While neither party requests that I convert the motions to dismiss to motions for summary judgment, I note that there is no requirement that a court automatically convert a motion to dismiss to a motion for summary judgment simply because one or both parties file documents in connection with a motion to dismiss. As discussed above, the matters outside the pleadings presented by the parties were excluded from my Rule 12(b)(6) analysis. Furthermore, because discovery is ongoing in this case and Rule 12(d) requires that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion," I conclude that converting the pending motions to dismiss into motions for summary judgment would be inappropriate.

Dated: March 21, 2014

          BY THE COURT:


          s/ Wiley Y. Daniel
          Wiley Y. Daniel
          Senior United States District Judge